IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRICIA SEIDLER,

                Plaintiff,

v.

ANDREW SAUL,

                Defendant.

OPINION and ORDER

19-cv-579-jdp

---

Tricia Seidler seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding Seidler not disabled within the meaning of the Social Security Act. Seidler contends that administrative law judge (ALJ) Joseph D. Jacobson erred by: (1) failing to adequately consider Seidler's limitations in concentration, persistence, and pace; and (2) ignoring Seidler's diagnosis of fibromyalgia. The court discerns no error in the ALJ's treatment of Seidler's limitations in concentration, persistence, and pace, but remand is required to allow the ALJ to consider her fibromyalgia diagnosis.

ANALYSIS

Seidler sought benefits based on physical and mental impairments, alleging disability beginning January 21, 2014, when she was 43 years old. R. 366.[1] Her application was denied initially and on reconsideration. After a hearing in August 2016, an ALJ denied her claim. R. 98–128. Seidler appealed the decision to the Appeals Council, which remanded the case to

---

[1] Record cites are to the administrative transcript located at Dkt. 9.

the ALJ. *See* R. 74. In December 2017, the ALJ held a hearing to reconsider Seidler's case. R. 67–97.

In a February 2018 decision, the ALJ found that Seidler suffered from four severe impairments: (1) degenerative disk disease; (2) migraine headaches; (3) an affective disorder; and (4) an anxiety disorder. R. 47. The ALJ found that none of these impairments were severe enough to meet or medically equal the criteria for a listed disability. *Id.,* 20 C.F.R. § 404. The ALJ ascribed to Seidler the residual functional capacity (RFC) to perform sedentary work with additional mental, environmental, and physical restrictions. R. 48. Based on the testimony of a vocational expert (VE), the ALJ found that Seidler could not perform her past work, but that she could perform work in jobs available in the national economy, and thus she was not disabled. R. 54. The Appeals Council declined review. Seidler now appeals to this court.

On appeal, the court's role is to determine whether the ALJ's decision is supported by substantial evidence, meaning that the court looks to the administrative record and asks "whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

**A. Concentration, persistence, and pace**

The ALJ found that Seidler had a moderate limitation with "concentrating, persisting, or maintaining pace" at step three of the benefits determination. R. 48. In the RFC, the ALJ provided restrictions to address those limitations:

> Low stress jobs, defined as those with only occasional decision-making or changes in the work setting required. She is precluded

> from piecework or fast-moving assembly line-type work. She can engage in occasional interaction with the public and co-workers.

R. 48. Seidler contends that these limitations did not adequately account for her moderate limitation in concentration, persistence, and pace. Dkt. 15, at 16.

A moderate limitation in concentration, persistence, and pace places a claimant into a general category; it is not itself a specific impairment that must be included in the RFC. *Gloege v. Saul*, 415 F. Supp. 3d 877, 880 (W.D. Wis. 2019); *Martin v. Saul*, No. 19-CV-795-JDP, 2020 WL 2847526, at *1 (W.D. Wis. June 2, 2020). To prevail on this issue, Seidler must point to specific limitations supported by the record that were missing in the RFC. *Zeatlow v. Berryhill*, No. 18-cv-570-jdp, 2019 WL 494625, at *1 (W.D. Wis. Feb. 8, 2019).

The ALJ's pace-of-work limitation addresses the concentration, persistence, and pace limitations supported by the record. The ALJ gave "great weight" to the findings of state agency psychologist Jonathan Zuess, who reviewed Seidler's case at the reconsideration level in November 2014. R. 181-83. Zuess concluded that Seidler had mild to moderate concentration, persistence, and pace limitations. Specifically, he found that Seidler had a:

> mildly impaired ability to sustain attention throughout extended periods of time, perform at a consistent pace and maintain a regular 40 hour workweek without interference from symptoms. [She] appears to have a moderately impaired ability to avoid being distracted by others.

R. 182. Zuess found only a mild limitation in Seidler's ability to sustain attention and maintain pace. The ALJ reflected that mild limitation by excluding Seidler from piecework or fast-moving assembly line work. Zuess attributed Seidler's moderate limitation to distractions by others, which the ALJ addressed by limiting Seidler to only occasional interactions with the public or co-workers. Seidler points to no evidence of any other deficiency in the area of concentration, persistence, and pace.

Seidler cites treatment notes from Filoreta Udrea, Seidler's psychiatrist. The treatment notes describe Seidler's symptoms, but there is little that relates to the area of concentration, persistence, and pace. A note from April 28, 2017 says that Seidler reported being sad and having poor concentration. R. 1376. But Udrea noted at that very session that Seidler she had good concentration. R. 1377. The ALJ gave little weight to Udrea's opinion because she treated Seidler only for six months, ending in April, 2017. R. 53. The ALJ gave a good reason to discount the opinions in Udreas's mental functional capacity form, and nothing in the treatment notes would require any greater limitation in the area of concentration, persistence, and pace than the ALJ provided.

Seidler contends that the ALJ did not properly follow 20 C.F.R. § 404.1520 because he did not consider all the of factors that an ALJ is required to when assessing a claimant's concentration, persistence, and pace limitations at step three of a benefits determination. Dkt. 15, at 24. Seidler lists several regulatory factors that she says are applicable to her case: "initiating and performing a task that you understand and know how to do; working at an appropriate and consistent pace; completing tasks in a timely manner; sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day." But she points to no evidence that corresponds to any of these limitations. So even if the ALJ did not walk through the regulatory factors related to concentration, persistence, and pace, Seidler has not shown how she was harmed by any deviation from the proscribed framework.

Seidler is not entitled to remand on the basis of the ALJ's consideration of her limitations in concentration, persistence, and pace. *See Loveless v. Colvin*, 810 F.3d 502, 508

4

(7th Cir. 2016) (claimant not entitled to relief if she "does not identify medical evidence that would justify further restrictions").

## B. Seidler's 2017 Fibromyalgia diagnosis

A physician diagnosed Seidler with fibromyalgia in September 2017, based on her medical history, a questionnaire about her pain symptoms, and a physical examination. R. 1392–94. Seidler's diagnosis came late in her case, so the state agency consultants who reviewed her records did not consider fibromyalgia as a cause for her pain. But at Seidler's reconsideration hearing in December 2017, she referred to fibromyalgia when the ALJ asked her for an update on her physical health. Seidler responded:

> this fibromyalgia that I have is not a pretty sight. It's not fun. I hurt all over. I never knew what it was. I always thought the pain with my nerves was because of the nerve in my back that was injured . . . it was not . . . I always have pain all over my body. I thought it was just a part of everything else that I had and it wasn't.

R. 83–84. In addition to describing her fibromyalgia, Seidler submitted medical records to the ALJ that documented her diagnosis. *See* R. 1385–1394. Seidler contends that the ALJ's decision ignored her diagnosis of fibromyalgia and failed to consider her condition under the required regulatory criteria for assessing fibromyalgia in social security claimants, SSR 12-2. SSR 12-2P (S.S.A. July 25, 2012).

An ALJ need not mention every piece of evidence in a claimant's record. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012). But an ALJ must connect the evidence to their conclusion and may not ignore entire lines of evidence. *Id.* The ALJ must confront evidence that does not support their conclusion and explain why that evidence was rejected. *Indoranto v. Barnhart,* 374 F.3d 470, 474 (7th Cir. 2004).

5

Where a claimant alleges disability based on fibromyalgia, Social Security Ruling 12-2p requires a two-step process for evaluating their diagnosis. At the first step, an ALJ must assess a set of diagnostic criteria to determine whether the claimant's fibromyalgia is a medically determinable impairment. At the second step, if the ALJ finds a medically determinable impairment, they must evaluate the intensity and persistence of the claimant's symptoms to determine the appropriate RFC. *Id.*

The ALJ erred by not discussing Seidler's fibromyalgia in accordance with SSR 12-2 and by failing to explain why he did not consider this line of evidence in his decision. Seidler sought disability benefits based primarily on her chronic pain, so being diagnosed with fibromyalgia was a pertinent development in her case. Even though Seidler did not receive a diagnosis until late in 2017, she made the ALJ aware of her fibromyalgia at her hearing and by submitting medical records. The ALJ should have considered the effects of fibromyalgia on Seidler in his decision. The error isn't harmless because the diagnosis could have affected the ALJ's assessment of Seidler's subjective complaints of pain, which the ALJ didn't fully credit. Remand is required to consider the diagnosis.

ORDER

IT IS ORDERED that the decision of the commissioner is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment in favor of plaintiff and close this case.

Entered March 29, 2021.

                                                BY THE COURT:

                                                /s/

                                                _____

                                                JAMES D. PETERSON
                                                District Judge